UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CASE NO. 2:17-CR-0100-SLB-CSC |
| | ) | |
| JAMES CALVIN TALLEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In his Trial Brief, defendant James Calvin Talley, Jr., asks the court for a jury to determine the fact of his prior convictions for sentencing purposes in the event he is convicted. He states:

> If convicted he seeks bifurcation of the proceedings based on his Sixth Amendment Right to a jury finding regarding his prior convictions for enhancement purposes beyond a reasonable doubt and the anticipated demise of *Almendarez-Torres v. U.S.*, 523 U.S. 224, 118 S. Ct. 1219 (1998) . . . .
>
> Talley argues that despite the United States Supreme Court's ruling in *Apprendi* that prior convictions for enhancement purposes are excluded from those covered by Apprendi, he believes that an 851 enhancement[1] not charged

---

[1]Section 851 provides a mechanism for determining the fact of prior convictions that a defendant denies:

(b) Affirmation or denial of previous conviction

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

(c) Denial; written response; hearing

in the indictment or presented to the jury for a beyond a reasonable doubt
finding should be barred pursuant to the *Apprendi* holding. He believes it is
necessary to preserve this argument for later potentially favorable decisions on
this topic.

(Doc. 172 at 2-3 [footnote added].)

Binding precedent from the Eleventh Circuit has recognized that this Circuit will continue to follow *Almendarez-Torres* until such decision is overruled by the Supreme Court. The court held:

> (1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1) of this section. ***The hearing shall be before the court without a jury*** and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.
>
> (2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

21 U.S.C. § 851(b)-(c)(emphasis added).

As this discussion indicates, *Alleyne* [*v. United States*, 570 U.S. 99 (2013),] did not address the specific question at issue in this case, which is whether a sentence can be increased because of prior convictions without a jury finding the fact of those convictions. That question continues to be governed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S. Ct. 1219, 1222, 140 L. Ed. 2d 350 (1998), where the Court determined that the fact of a prior conviction is not an "element" that must be found by a jury. Indeed, the *Alleyne* Court specifically recognized that, under *Almendarez-Torres*, prior convictions are excepted from the general rule that a jury must find any fact that will increase the penalty for an offense. *Alleyne*, [570 U.S. at 111] n.1. The *Alleyne* Court declined to "revisit [*Almendarez-Torres*] for purposes of our decision today" because "the parties d[id] not contest that decision's vitality." *Id*.; *see also Descamps v. United States*, [570] U.S. [254, 269], 133 S. Ct. 2276, 2288, 186 L. Ed. 2d 438 (2013) (observing that an increase in the maximum statutory sentence based on judicial factfinding that "went beyond merely identifying a prior conviction" would "raise serious Sixth Amendment concerns").

>We recognize that there is some tension between *Almendarez-Torres* on the one hand and *Alleyne* and *Apprendi* on the other. However, we are not free to do what the Supreme Court declined to do in *Alleyne*, which is overrule *Almendarez-Torres*. As we have said before, we are "bound to follow *Almendarez-Torres* unless and until the Supreme Court itself overrules that decision." *United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001).

*United States v. Harris*, 741 F.3d 1245, 1249-50 (11th Cir. 2014). It is a "fundamental rule that courts of this circuit are bound by the precedent of this circuit." *In re Hubbard*, 803 F.3d 1298, 1309 (11th Cir. 2015)(citing *Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985)). Therefore, this court must follow *Harris*, and continue to apply *Almendarez-Torres* until expressly overruled by the Supreme Court.

3

Consistent with the binding precedent of this Circuit, the court **DENIES** Talley's request for a jury trial to determine the fact of his prior convictions for sentencing purposes in the event of his conviction.

**DONE** this 9th day of February, 2018.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE