# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CASE NO. 2:17-CR-0100-SLB-CSC |
| | ) | |
| JAMES CALVIN TALLEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

During the trial of this matter, defendant, James Calvin Talley, Jr., moved for Judgment of Acquittal as to Counts 1-3 and 8 of the Second Superseding Indictment. The denied defendant's Oral Motion for Judgment of Acquittal and Renewed Oral Motion for Judgment of Acquittal as to Counts 1, 2, and 8, and reserved ruling on the Motions as to Count 3. For the reasons set forth herein, the court finds the Motions for Judgment of Acquittal as to Count 3 of the Second Superseding Indictment are due to be denied.

Rule 29 of the Federal Rules of Criminal Procedure provides, "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved." *Id*.(b). "The applicable standard for ruling on a motion for judgment of acquittal is whether[,] viewing the evidence presented most favorable to the Government, a reasonable-minded jury could accept the relevant and admissible evidence as adequate and sufficient to support the

conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Brown*, 587 F.2d 187, 190 (5th Cir. 1979)(internal citations and quotations omitted);[1] *see also United States v. Barron-Soto*, 820 F.3d 409, 418 (11th Cir. 2016)("To uphold the denial of a motion for judgment of acquittal, [the Eleventh Circuit] need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. We examine the evidence in the light most favorable to the government and resolve all reasonable inferences and credibility evaluations in favor of the jury's verdict.")(internal quotations, citations and alterations omitted).

Talley challenges the sufficient of the Government's evidence as to Count 3, which charges him with knowingly possessing two firearms after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1). (Doc. 90 at 2.)[2]

---

[1] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[2] Count 3 of the Second Superseding Indictment charges:

> On or about December 3, 2016, in Autauga County, within the Middle District of Alabama,
>
> JAMES CALVIN TALLEY, JR.,
>
> defendant herein, having been convicted of a felony offense, a crime punishable by imprisonment for a term exceeding one year, to-wit:
>
> > 1) On or about June 10, 2004, Unlawful Distribution of a Controlled Substance, in Chilton County, Alabama, case number CC2004-00001, and;

> To prove a violation of being a felon in possession of a firearm, the government must prove that (1) the defendant was a convicted felon; (2) the defendant knowingly possessed a firearm; and (3) the firearm affected or was in interstate commerce. See 18 U.S.C. §§ 922(g)(1), 924(a)(2); *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). Possession can be shown by circumstantial as well as direct evidence, *Wright*, 392 F.3d at 1273, and possession can be actual or constructive. *United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004)(per curiam). In order to establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the firearm. *Id*. Constructive possession may also be shown through evidence of ownership, dominion, or control over the premises. *See United States v. Cochran*, 683 F.3d 1314, 1320 (11th Cir. 2012). The firearm need not be on or near the defendant's person in order to amount to knowing possession. *Wright*, 392 F.3d at 1273.

*United States v. Rucker*, 588 Fed. Appx. 943, 945 (11th Cir. 2014).[3] Evidence that a defendant has control over the premises where the firearm is located permits a jury to infer that the defendant has control over the firearm. *See Cochran*, 683 F.3d at 1320 (citing *United States v. Mieres-Borges*, 919 F.2d 652, 657 (11th Cir. 1990)).

---

> 2) On or about April 10, 2008, Conspiracy to distribute cocaine, in the Middle District of Alabama, case number 2:06-cr-169-WKW-SRW;
>
> did knowingly possess in and affecting commerce a firearm, to-wit: a Keltec P3AT .380 caliber pistol and a Taurus Millennium PT 140 .40 caliber pistol, and assorted ammunition, better descriptions of which are unknown to the Grand Jury.
>
> All in violation of Title 18, United States Code, Section 922(g)(1).

(Doc. 90 at 2.)

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

The court finds that the Government's evidence is sufficient to allow a reasonable jury to find defendant guilty of being a felon in possession of firearm beyond a reasonable doubt. *See Barron-Soto*, 820 F.3d at 418.

Two firearms – a Keltec P3AT .380 caliber pistol and a Taurus Millennium PT 140 .40 caliber pistol – were found during a consent search of Talley's residence. The guns were found in a safe in the master bedroom of Talley's residence. The DEA agent, Bryan Alfultis, testified Talley's wife told him that the guns belonged to defendant Talley; she also told Agent Alfultis where to find the key to the gun safe where the guns and ammunition were found. This evidence is sufficient to establish that Talley had constructive possession of the firearms.

Evidence that Talley was a convicted felon and that the firearms had traveled in interstate commerce was not challenged at trial.

Therefore, the court finds that the evidence was sufficient to allow a reasonable jury to find that Talley guilty beyond a reasonable doubt of Count 3, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Motions for Judgment of Acquittal as to Count 3 of the Second Superseding Indictment will be denied.

**DONE** this 14th day of May, 2018.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE