# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CASE NO. 2:17-CR-0100-SLB-CSC |
| ) | |
| JAMES CALVIN TALLEY, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently before the court on defendant's Pro Se Motion Pursuant to Federal Rule 10(e) Appellate Procedure. (Doc. 279.) According to defendant, the court excluded Exhibit 45, a notebook, also referred to as a drug ledger, found during a search of defendant's home.[1] However, he contends that this ruling in not included in the transcript of his trial and that "the Government went behind the open court's ruling . . . and pushed through that forbidden prejudicial [notebook] . . . for the jury to 'review, read [and] consider as evidence' during the jury's deliberation." (*Id*. at 2.)

Rule 10(e) of the Federal Rules of Appellate Procedure states, "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Fed. R. App. P. 10(e)(1).

---

[1]Ty Thompson testified that he collected the notebook following a search of the storage shed at defendant's residence in Verbena, Alabama. (Doc. 272 at 145.) The notebook was received in evidence without objection. (*Id*. at 146.)

The court finds, based on the transcript of the proceedings and its independent recollection that Government's Exhibit 45, the notebook, was admitted into evidence without objection. At no time did the court exclude the notebook from the evidence or otherwise instruct the jury not to consider it. The transcript of defendant's trial "truly discloses what occurred in the district court." *See* Fed. R. App. P. 10(e)(1).

Therefore, defendant's Pro Se Motion Pursuant to Fed. R. App. P. 10(e) is **DENIED**.

**DONE** this 21st day of February, 2020.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE